PER CURIAM.
This disciplinary proceeding is before the Court for consideration of the referee’s report recommending a three-year suspension. Neither party seeks review of the report. We approve the referee’s report and order respondent suspended accordingly-
The complaint of The Florida Bar charged that respondent had been suspended and later disbarred in the State of New York. Count one charged that respondent had failed to notify The Florida Bar of his suspension and his disbarment in violation of the former Integration Rule of The Florida Bar, article XI, Rule 11.02(6).[1] Count two charged respondent with misconduct based on the instances of misconduct that led to disciplinary action in New York, also pursuant to rule 11.02(6).[2] Respondent filed a guilty plea, admitting his guilt of the charges in exchange for an agreement on the disciplinary measure to be imposed, a three-year suspension. A designated reviewer acting on behalf of the Board of Governors approved the agreement and the referee accordingly accepted the plea and made findings of fact and recommended the agreed disciplinary measure.
The referee’s findings include the following summary describing respondent’s underlying misconduct:
7. That Respondent’s suspension, as set forth in paragraph three (3) above, was the result of the Supreme Court of New York’s finding that he signed his client’s name to a general release and settlement draft without authority; improperly affixed his signature as notary public to a general release; commingled funds of his client with those of his own; misled and deceived his client as to the status of the client’s claim; and misled and deceived the Committee on Professional Standards (New York) in its investigation of an inquiry filed by his client.
8. That Respondent’s disbarment, as set forth in paragraph four (4) above, was the result of the Supreme Court of New York’s finding that he had failed to comply with a court order which directed him to appear for examination at the office of the Committee on Professional Standards (New York) relative to two inquiries concerning the possibility of professional misconduct on his part, although he denied any wrong doing and no further specifications or charges followed.
Under former rule 11.02(6), cited in the Bar’s complaint filed March 4, 1987, official judgments of bar disciplinary agencies of *196 other jurisdictions are considered conclusive proof of the underlying misconduct.[3]
We approve the report of the referee and suspend respondent from the practice of law for three years. So that respondent can withdraw from representation on any active client matters that may be pending, his suspension shall commence thirty days from the date of this order. As required by rule 3-5.1(h) of the Rules Regulating The Florida Bar, respondent must furnish notice of his suspension to his clients.
The costs of this proceeding are taxed against the respondent. Judgment is entered against Stephan A. Blum in the amount of $289.29, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.

. The duty to provide notice of discipline is now covered by rule 3-7.2(j)(l) of the Rules Regulating The Florida Bar, which took effect on January 1. 1987.

. The effects of discipline by a foreign jurisdiction are now set forth in rule 3-4.6 and rule 3-7.2(j)(2) of the Rules Regulating The Florida Bar.

. The provision stating that a disciplinary judgment in another jurisdiction shall be "conclusive proof’ of misconduct is now found in rule 3-4.6 of the Rules Regulating The Florida Bar.